IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

I.U.P.A.T. DISTRICT COUNCIL #57 COMBINED ) 
FUNDS on behalf of the TRUSTEES OF THE ) 
I.U.P.A.T. WELFARE FUND OF WESTERN PA ) 
AND THE I.U.P.A.T. WESTERN PA ANNUITY ) 
FUND AND THE INTERNATIONAL UNION OF ) 
PAINTERS AND ALLIED TRADES DISTRICT ) 
COUNCIL #57, ) 
         ) 
            Plaintiff, ) 
         ) 
         v. ) Civil Action No.  2:21-cv-1776
         ) 
PENN CONTRACTING SERVICES, LLC, ) 
         ) 
            Defendant. ) 

## COMPLAINT

1.      Plaintiff is the I.U.P.A.T. District Council #57 Combined Funds ("Funds") on behalf of the Boards of Trustees of the I.U.P.A.T. Welfare Fund of Western PA and the I.U.P.A.T. Western PA Annuity Fund and the International Union of Painters and Allied Trades District Council #57.  The Funds conduct certain business through Central Data Services, Inc. at 5 Hot Metal Street, Suite 200, Pittsburgh, Pennsylvania 15203.

2.      Jurisdiction is conferred on this Court by the Labor-Management Relations Act, 29 U.S.C. §185, and also by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132 and §1145 in that the Plaintiff is aggrieved by the Defendant Contractor's violation of its collective bargaining agreement with I.U.P.A.T. District Council #57 and/or its affiliated local union, employee organizations ("Union").

3.      The Funds are employee benefit plans within the meaning of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1002 (1) (2) (3) (21), §1009(C) (1) (B) and §1132, and bring this action in behalf of the trustees, participants and beneficiaries of such Funds.

4.      The trustees of such funds, which are employee fringe benefit plans established and maintained within the meaning of ERISA, have designated Plaintiff as their agent for the collection of contributions payable to such funds on behalf of their trustees, participants, and beneficiaries.

5.      Defendant Penn Contracting Services, LLC ("Contractor") is engaged in the construction business and maintains its principal place of business at 101 Valleyview Drive, Cranberry Township, Pennsylvania 16066.

6.      Defendant Contractor and the Union are parties to collective bargaining agreements ("Agreements") that remained in effect at all times relevant hereto pursuant to which the Contractor was to make certain monthly payments to Funds for medical, annuity, and apprenticeship and dues for the benefit of employees covered under such Agreements.

7.      Pursuant to the aforesaid Agreement, Plaintiff has the right to examine and audit all of Defendant Contractor's books and payroll records and certified payroll records that relate to Defendant's covered employees to determine whether or not Defendant Contractor has made proper deductions, contributions, payments and remittances for all employees covered by such Agreement.

8.  In violation of the Agreement, said Defendant Contractor has failed and refused to permit Plaintiff to conduct such an audit.  Plaintiff is unable to accurately determine what amounts are due under such Agreement without performing an audit.

9.  Pursuant to the aforesaid Agreement, the applicable Fund trust agreements and the provisions of ERISA, Defendant Contractor is also obligated to Plaintiff for all reasonable attorney's fees and other legal expenses incurred in securing said audit and in collecting any delinquencies determined to be owed by such Defendant Contractor as a result thereof.

10.   Plaintiff is without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless Defendant Contractor is ordered to specifically perform under the federal statutes and the Agreement herein described and are restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, Plaintiff demands the following relief against Defendant Contractor:

(a)  A preliminary and/or permanent injunction enjoining defendant Contractor from violating the terms of such agreement and directing said Defendant Contractor to make immediate payments of all monies past due and timely payments of all monies to become due to Plaintiff Funds pursuant to said Agreement, and enjoining Defendant Contractor from disposing of assets; and

(b)  For defendant Contractor to be required to file complete reports with Plaintiff Funds covering all aspects of such defendant Contractor's business operations for the last three years through the present; and

(c)  For defendant Contractor to be required in compliance with said agreements to present for inspection and/or copying all payroll, tax, certified payroll records and other records pertaining to hours worked by such defendant Contractor's covered employees for the last four years to the present to enable Plaintiff to verify the accuracy of the amounts paid and/or due and owing to the Plaintiff; and

(d)  For a money judgment in favor of Plaintiff and against Defendant Contractor in the sum of all amounts shown to be owed as a result of any audit performed by Plaintiff or report filed by defendant Contractor, plus additional interest, liquidated damages, attorneys' fees and expenses, plus costs of suit; and

(e)  For the Court to retain jurisdiction of the case pending compliance with its orders; and

(f)  For such other and further relief as the Court may deem just.

TUCKER ARENSBERG, P.C.


*s/ Neil J. Gregorio*
Neil J. Gregorio
PA I.D. #90859
1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212

Attorneys for Plaintiff,
I.U.P.A.T. District Council #57 Combined
Funds

5611987.1:TADMS:016795-187665